IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Larisa Dirkzwager, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Archer-Daniels-Midland Company, | ) | Case No. 1:20-cv-212 |
| | ) | |
| Defendant. | ) | |

Before the court is a Motion to Strike filed by Defendant Archer-Daniels-Midland Company ("ADM") on June 3, 2022. For the reasons that follow, the motion is denied.

I.     **BACKGROUND**

Plaintiff Larisa Dirkzwager ("Dirkzwager") initiated the above-captioned action pro se in state district court. (Doc. No. 1-1). She claimed that ADM, her former employer, had discriminated against her in violation of the North Dakota Human Rights Act, Title VII of the Civil Rights Act, and the Age Discrimination in Employment Act. Id.

Defendant removed the case to this court on November 16, 2020, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. No. 1). It filed an answer to Dirkzwager's complaint on November 18, 2020. (Doc. No. 2).

On March 2, 2021, Dirkzwager filed a motion seeking leave to file an amended complaint that: (1) comported with the requirements of Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure; (2) described the factual bases for her claims in greater detail; (3) struck references to and claims for gender and age discrimination in her original complaint, and (4) asserted additional claims pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 1985, and the Civil Liberties Act of 1988. Specifically,

1

she requested:

> Through the Amended Complaint, Plaintiff seeks to format complaint with the Rules 8(a)(2) and 10(b) of the Federal Rules of Civil Procedure after the removal from the North Dakota District Court which governs the formatting with different Rules.
> Further Plaintiff seeks to amplify, clarify, set forth in greater detail the claims and organize them in a away that it should aid the court and the defendants to see which allegation supports the certain cause of action.
> Moreover, Plaintiff seek to remove original claims and other references in the original Complaint pertaining to Gender and Age Discrimination. Indeed, Plaintiff remain focused on Nationality of Origin Discrimination claim and related hostile work environment, sexual harassment, and conspiracy charges.
> Next Plaintiff seek to employ other laws available in Federal Law that addresses the different sides of multi-faceted conduct of Racial and Nationality of Origin Discrimination:
> 1. the section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981")
> 2. 42 U.S Code Section 1985
> 3. Civil Liberties Act of 1988
>
> Moreover, Plaintiff respectfully requests to remain the charges of tort of intention infliction of emotion distress, hostile work environment, and sexual harassment covered by North Dakota Century Code Chapter 34 and 14 in the North Dakota State District Court.

(Doc. No. 14).

On May 7, 2021, the court issued an order granting Dirkzwager's motion in part and denying her motion in part. (Doc. No. 18). Specifically, the court denied her request for leave to amend her pleadings to include additional claims under § 1981, § 1985 and the Civil Liberties Act. However, it granted her request for leave to amend her pleadings to strike or omit the references to gender and age discrimination in her original complaint but to otherwise expanded upon the factual basis for her other claims.

On May 18, 2021, Dirzkwager filed an amended complaint. (Doc. No. 19). On June 14, 2021, ADM filed a motion to strike the following language and paragraphs from her amended complaint:

- Paragraph 1: Strike "declaratory, injunctive and" from first sentence. Strike "race, ancestry, ethnicity and" from first sentence.

- Paragraph 4: Strike "and sexual harassment" from first sentence.

- Paragraph 14: Strike "ethnicity, ancestry and" from first sentence.

- Paragraphs 22-27: Strike in their entirety.

- Paragraph 63: Strike in its entirety.

- Paragraph 65: Strike in its entirety.

- Paragraph 68: Strike "race, ethnicity and" from paragraph.

- Paragraph 73: Strike in its entirety.

- Paragraph 75: Strike "race, ethnicity" from paragraph.

- Paragraph 79: Strike in its entirety.

- Prayer for Relief: Strike paragraphs B-D in their entirety. Strike paragraph I in its entirety.

- Caption and Headings Throughout: Strike all references to claims based upon sex harassment/discrimination, age, and race/ethnicity.

- Strike all other matters not specifically permitted by the Court's Order dated May 7, 2021. (Doc. 18).

(Doc. No. 24). It asserted that the aforementioned language and paragraphs were immaterial, and impertinent and that their inclusion in the amended complaint violated my May 7, 2022, order.

On July 20, 2021, Judge Hovland granted ADM's motion in part, directing that references to race, ethnicity, ancestry, and sexual harassment in the amended complaint be stricken but allowing the requests for punitive, injunctive, and declaratory relief to remain. (Doc. No. 28).

On July 26, 2021, Dirzwager filed motions requesting me to reconsider my denial of her request for leave to amend her pleadings to assert a § 1981 claim. (Doc. Nos. 29, 30). On May 6,

2022, I granted her motions and authorized her to file a second amended complaint that included a § 1981 claim. (Doc. No. 43).

On May 23, 2022, Dirkzwager filed a second amended complaint. (Doc. No. 44). On June 3, 2022, ADM filed a motion to strike references in the second amended complaint to "sexual harassment" and "demeaning sexual conduct" pursuant to Fed. R. Civ. P. 12(f). Its motion has now been fully briefed and is ripe for consideration.

## II. DISCUSSION

ADM is requesting that the court strike the following language and/or paragraphs from Dirkzwager's second amended complaint:

- Caption (pg. 1): Strike "Sexual Harassment."

- Table of Contents (pg. 2): Strike "Demeaning Sexual Conduct" from First Cause of Action section.

- Table of Contents (pg. 2): Strike "Sexual Harassment, Demeaning Sexual Conduct" from Second Cause of Action section.

- Table of Contents (pg. 2): Strike "Sexual Harassment, Demeaning Sexual Conduct" from Third Cause of Action section.

- Paragraphs 23-26 (pgs. 11-12): Strike in their entirety.

- Paragraph 32 (pg. 14): Strike in its entirety.

- Paragraph 67 (pgs. 33-34): Strike it its entirety.

- First Cause of Action Caption (pg. 34): Strike "Demeaning Sexual Conduct."

- Second Cause of Action Caption (pg. 36): Strike "Sexual Harassment, Demeaning Sexual Conduct."

(Doc. No. 45). Invoking Rule 12(f) and the "law-of-the-case doctrine," it asserts that the aforementioned language and paragraphs are not only immaterial and impertinent, but that their inclusion in the second amended complaint directly violates previous orders. It further asserts that

the inclusion of the aforementioned language and paragraphs is highly prejudice and that the "removal of the offending language is necessary to streamline the action and allow [it] the fair ability to know the allegations against it, conduct relevant discovery, weigh mediation of the matter, and defend the case generally." (Doc. No. 45).

In response, Dirkzwager asserts that the law of the case doctrine is inapplicable in this instance, that the court is not bound by its earlier rulings, that the court did not explicitly prohibit her from asserting a claim for sexual harassment, and what the court has not explicitly prohibited must be allowed. In so doing, she endeavors to draw a distinction between gender discrimination, the references to which she previously sought leave to excise from her original complaint, and sexual harassment, which she has been asserting throughout this litigation. Additionally, she asserts that her pro se status entitles her to leniency. Finally, she emphasizes that motions to strike are generally disfavored.

Having reviewed the record in its entirety, it appears that ADM's first motion to strike as it pertained references to sexual harassment was improvidently granted due to a misinterpretation of my order addressing Dirkzwager's motion for leave to file an amended complaint. In any event, I am not inclined to require Dirkzwager to strike references to sexual harassment in her second amended complaint, the filing of which was authorized by my order granting her motions for reconsideration and allowing her to file a second amended complaint.

In her original complaint, Dirkzwager claimed that she had been subjected to sexual harassment during the course of her employment. She further claimed that she had been passed over for promotion in retaliation for complaining about the sexual harassment to which she had been subjected at the workplace and because of her national origin, age, and gender. In her motion to amend her complaint, she advised that she wanted to abandon her gender discrimination claim and

would omit references to such discrimination in her amended pleadings. However, she was adamant about her continued desire to pursue her claim of sexual harassment.

Sexual harassment is a form of gender discrimination as defined by Title VII. It is apparent that from the record that while sexual harassment is a form of gender discrimination, Dirkzwager has endeavored to draw a distinction between gender-based discrimination when it comes to employment decisions and gender discrimination that creates a hostile environment. It is also apparent from her filings to date that Dirkzwager sought to abandon her claims regarding the former and to focus instead on her claims regarding the latter. Dirkzwager, perhaps inartfully, advised the court in her motion to amend her pleadings of her intent to omit the former. Consequently, it is not surprising that when directed to file an amended complaint omitting claims of gender discrimination, she did not excise references to or claims of sexual harassment.

To afford Dirzkwager's pleadings the liberal construction to which they are entitled by virtue of Dirkzwager's pro se status, to remedy any ambiguity my earlier order may have created, and to ensure that all of Dirkzwager's claims are addressed, I am disinclined to acquiesce to ADM's request to strike any and all references in Dirkzwager's second amended complaint to sexual harassment. This should pose no appreciable prejudice to ADM as, while this case has now been pending for some time, it is still at the pleading stage. Moreover, as I have suspended all pretrial deadlines pending further order, there arguably is nothing that would preclude Dirzkwager from seeking leave to amend her pleadings to claims for sexual harassment and to otherwise reference alleged sexual harassment should all references to such harassment be stricken from her second amended complaint. (Doc. No. 39).

III.     **CONCLUSION**

ADM's motion to strike (Doc. No. 45) is denied.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2022.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
