IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Larisa Dirkzwager, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING** |
| | ) | **MOTION TO QUASH** |
| vs. | ) | |
| | ) | |
| Archer-Daniels Midland Company, | ) | Case No. 1:20-cv-212 |
| | ) | |
| Defendant. | ) | |

Before the Court is a "Motion to Quash" filed by non-party Amica Mutual Insurance Company ("Amica"), on October 4, 2022. See Doc. No. 64. The Plaintiff did not respond to the motion. For the reasons discussed below, the motion is granted.

I.   **BACKGROUND**

The Court appointed counsel in this civil case for the limited purpose of assisting the Plaintiff, Larisa Dirkzwager, at a settlement conference on August 18, 2022. Dirkzwager is otherwise proceeding pro se. The case settled and closing documents are due on October 21, 2022.

Dirkzwager served Amica, a non-party, with documents that were dated August 9, 2022, and captioned "Notice of Subpoena" and a "Request for Production of Documents from a Witness." On October 4, 2022, Amica filed an objection and motion to quash on the grounds that Dirkzwager's notice of subpoena and discovery requests did not comport with the requirements of either Fed. R. Civ. P. 34 or 45. Dirkzwager has not responded. Her silence may be deemed an admission that the objection and motion are well taken. D.N.D. Civ. L.R. 7.1(F).

## II.     DISCUSSION

"[P]ro se litigants are not excused from compliance with relevant rules of the procedural and substantive law." Schooley v. Kennedy, 712 F.2d 372, 373 (8th Cir. 1983); see also Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). "A pro se litigant should receive meaningful notice of what is required of [her] but the court is not required or permitted to act as counsel for any party." Schooley, 712 F.2d at 373. Therefore, although Dirkzwager is proceeding pro se, she is not excused from complying with the procedural and substantive rules applicable to all litigants.

"The appropriate procedure to compel a non-party to produce documents is to serve them a subpoena as set forth in Rule 45 of the Federal Rules of Civil Procedure." E.E.O.C. v. Randall Ford, Inc., 298 F.R.D. 573, 575 (W.D. Ark. 2014); see also Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection.").

Rule 45 of the Federal Rules of Civil Procedure provides the following with respect a subpoena's form and content.  First, it requires every subpoena to:

(i) state the court from which it issued;

(ii) state the title of the action and its civil-action number;

(iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and

(iv) set out the text of Rule 45(d) and (e).

Fed. R. Civ. P. 45(a)(1)(A). Second, it requires that the subpoena be issued by the clerk of the court

where the action is pending, signed but otherwise in blank, to the party who requests it. Fed. R. Civ. P. 45(a)(2)-(3). Third, if the subpoena commands the production of documents, electronically stored information, or tangible things, it requires that a notice and a copy of the subpoena be served before the subpoena itself is served on the entity to whom it is directed. Fed R. Civ. P. 45(a)(4).

Rule 45 also provides a means to resist subpoenas. Specifically, it provides that, on timely motion, a district court must quash or modify a subpoena that fails to allow a reasonable time for compliance, requires a person to comply beyond the geographical limits specified in Rule 45(c), requires disclosure of privileged matter, or subjects a person to "undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i-iv). In general, the party resisting a subpoena bears the burden of demonstrating why it must be quashed or modified. Colonial Funding Network, Inc. v. Genuine Builders, Inc., 326 F.R.D. 206, 212 (D.S.D. 2018). Having reviewed Amica's motion, the Court finds that Amica has met its burden.

The record does not reflect that Dirkzwager requested, much less obtained, a signed but otherwise blank subpoena from the clerk of court's office in this district, completed it, and provided a copy of it to Amica when serving Amica with the "Notice of Subpoena" dated August 6, 2022. Consequently, Dirkzwager has not fulfilled the most basic requirements of Rule 45. Even if the "Notice of Subpoena" and/or "Request for Production of Documents from a Witness" could be construed as a subpoena, it is deficient as it does not set forth a time and place for compliance as required by Rule 45(d). It otherwise runs afoul of Rule 45 insofar as it subjects Amica to an undue burden.

Amica asserts that it has no connection or interest in this lawsuit as it does not insure Dirkzwager or ADM. To date Dirkzwager has not disputed this assertion or otherwise articulated

any rational or logical reasons for serving a subpoena on Amica in the context of the present action. Consequently, the Court finds that Amica has demonstrated that compliance with Dirkzwager's discovery requests would be unreasonable or oppressive, particularly in light of status as a non-party to this litigation. Cody v. City of St. Louis, 2018 WL 5634010, at *3 (E.D. Mo. Oct. 31, 2018); Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 927 (8th Cir. 1999).

### III.  CONCLUSION

Accordingly, Amica's Motion to Quash (Doc. No. 64) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 19th day of October, 2022.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court